IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

**STATE OF TENNESSEE v. CANDACE RENEE BENNETT**

**Appeal from the Criminal Court for Davidson County**
**No. 2011-D-2978     Seth Norman, Judge**

---

**No. M2016-00287-CCA-R3-CD – Filed December 12, 2016**

---

The Defendant, Candace Renee Bennett, pleaded guilty to attempted aggravated child neglect in exchange for an agreed eight-year sentence. The trial court ordered that the Defendant serve her sentence on probation and that her sentence run concurrently with a sentence in another case. The Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 contending that her sentence was illegal. She asked to withdraw her guilty plea and have the charges dismissed. The trial court denied her motion. On appeal, the Defendant contends that her sentence is illegal because it is not authorized by, and directly contravenes the criminal responsibility statute. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Chelsea Nicholson, Nashville, Tennessee, for the appellant, Candace Renee Bennett.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Dan Hamm, Catrin Novak Miller and Brian Holmgren, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from injuries sustained by a child placed in a hot bathtub, which occurred between July 29, 2011, and August 2, 2011. On October 21, 2011, a Davidson County grand jury indicted the Defendant for one count of aggravated child neglect and

four counts of being an accessory after the fact in aid of Jarico Levon Huey and Suzanne Ruth Wiley, both of whom were alleged to have committed felonies.

The Defendant filed a motion to dismiss the indictment. In the motion, the Defendant's attorney asserted that there had been a hearing on a motion to reduce bond, and that the following were undisputed facts:

> At the time of the indictment, the Defendant was on probation for unrelated cases in Division II, Criminal Court. A probation violation warrant was filed on January 6, 2012. This indictment and case was the sole basis for the violation. A hearing was held on February 16, 2012. At the hearing the lead detective for this case, Detective John Grubbs, testified. The Court made an Order with specific findings of fact regarding the violation. . . . Based on the testimony offered at these hearings and specific finding of fact made by the Honorable Judge J. Randall Wyatt, Jr., the Defendant offers the following undisputed facts in support of this Motion:

> Detective John Grubbs is the lead detective on this case. He is with the Youth Services Department with the Metro Nashville Police Department. He was assigned to this case to investigate allegations of a victim's burn injuries. He was contacted on August 2, 2011 by Vanderbilt Hospital in regards to the victim. He testified that the victim in this case, [M.D.][1], who was roughly one year and seven months old at the time, had sustained second degree and third degree burns while in the car of her mother, Suzanne Wiley, and her mother's boyfriend, Jarico Huey. Detective Grubbs could not say when the injury occurred, but based on his investigation, he believed the injury occurred on July 29, 2011. The statements of Suzanne Wiley and Jarico Huey indicate that the baby's injuries occurred while she was severely burned in the bathtub. The Defendant . . . was not present when this occurred.

> The baby was burned in the bathtub at the mother, Suzanne Wiley's apartment located [in] . . . Nashville, TN . . . where the mother resided with the baby. Jarico Huey, the mother's boyfriend, resided [on] . . . 1st Avenue South, Nashville, TN . . . [with] the Defendant . . . and codefendants: Doris Buford, Donald Higgins, and Karen Higgins Huey. Doris Buford is Jarico Huey's grandmother. Donald Higgins is Jarico Huey's brother, and was at the time, the Defendant's boyfriend. Karen Higgins Huey is Jarico Huey's mother. The Defendant was renting a room in this house from Doris

---

[1] It is the policy of this Court to refer to minor victims by their initials only.

Buford, which she shared with Donald Higgins. All the persons who resided in this house located [on] 1st Avenue South are indicated in Counts 5-9 for aggravated child neglect and accessory after the fact.

At some point, the mother, Suzanne Wiley, brought the baby to this residence located [on] . . . 1st Avenue South. Detective Grubbs is unsure when. At the probation violation hearing, he stated that it could have been the next day. Detective Grubbs testified that the Defendant . . . only saw this baby once after the baby was burned. He cannot say which day during the 5 days of the indictment [the Defendant] saw the baby. In her statement, [the Defendant] indicated that she saw the baby once when she and her boyfriend, codefendant Donald Higgins, spent the night with Ms. Wiley at her apartment where she and the baby lived. Detective Grubbs testified that the Defendant told the mother on this occasion to take [the] baby to the hospital at least once. Detective Grubbs stated in her statement that on this date, she applied ointment and saline solution to the baby's injury.

Based on this one incident, the Defendant is charged with aggravated child neglect and four (4) counts of accessory after the fact. The Defendant is not the child's mother, not the child's caretaker or baby-sitter, and not the child's relative. The Defendant was not present at the apartment when the baby's injuries were inflicted. On August 2, 2011, when the mother took the baby to the hospital, the Defendant was not present.

The State responded to the Defendant's motion contending that the charges should not be dismissed.

The trial court filed an order granting in part and denying in part the Defendant's motion. The trial court found:

Ms. Wiley's eighteen-month-old daughter was severely burned when Mr. Huey placed the child in a hot bath. While visiting Mr. Huey and Ms. Wiley, the Defendant observed and helped treat the victim's wounds. She apparently advised the couple to seek medical attention for the child at the emergency room and recommended other types of treatment as well. Ms. Wiley's mother eventually convinced her to take the child to the hospital, where the child was treated for second and third degree burns.

The Defendant . . . argues that the State must first show that the Defendant owed a legal duty to the Victim in order to prove neglect. . . .

3

The State counters that the [law upon which the Defendant relies to support her contention] was misapplied and should therefore not control. Initially, it should be noted that the statutory provisions for the offense of child neglect include neither a definition for the term nor is there any mention of what particular degree of relationship must exist between the victim and the defendant before a duty arises.

. . . .

In the opinion of the Court, it appears . . . [a] jury may conclude that a relationship existed between the Defendant [who was a nurse's assistant by trade] and the Victim wherein the former owed a duty to protect and care for the former. Therefore, the Defendant's Motion to Dismiss is respectfully denied with regard to the charge of aggravated child neglect.

The trial court went on to dismiss the charges against the Defendant of accessory after the fact. It stated:

The Defendant did not provide Mr. Huey and Ms. Wiley any aid in avoiding arrest, trial, conviction or punishment. Rather, since she was a nurse's assistant by trade, her help was requested in administering treatment for the victim's wounds. The indictment does not contend that the Defendant harbored, concealed or warned the principal of impending apprehension or discovery.

Considering the aforementioned undisputed facts, in conjunction with the pertinent statutory provisions, the Court is of the opinion that the indictment on counts five through nine in this matter need not be determined by a jury. Therefore, the Defendant's Motion to Dismiss is hereby granted with respect to counts six through nine.

On September 12, 2012, after the trial court's ruling on the Defendant's motion to dismiss, the Defendant entered a plea of guilty to the lesser-included offense of attempted aggravated child neglect in exchange for a sentence of eight years, to be served at 45%. The parties agreed to allow the trial court to determine the manner of service of the sentence and the extent to which it ran concurrently with or consecutively to another case in which she had been convicted and sentenced. The trial court's judgment, entered September 19, 2012, reflects that the trial court sentenced the Defendant to eight years of probation. The judgment does not reference the Defendant's other sentence.

4

The Defendant's boyfriend at the time, Mr. Higgins, proceeded to trial on his charges. A jury convicted him of aggravated neglect. Mr. Higgins appealed, and, on July 27, 2015, this Court held that the evidence presented by the State was insufficient to sustain Mr. Higgins's conviction. We concluded that there was no relationship between Mr. Higgins and the victim that gave rise to a legal duty to seek medical treatment for the victim. *State v. Donald W. Higgins, III*, No. M2014-01171-R3-CD, 2015 WL 4515122, at \*5 (Tenn. Crim. App., at Nashville, July 27, 2015), *no Tenn. R. App. P. 11 application filed.*

On October 12, 2015, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1(a). The Defendant contended that her sentence was illegal based upon this Court's ruling in *Higgins*. She asserted that, because Mr. Higgins had no legal duty to the victim she also had no legal duty to the victim, and she never should have been indicted. This, she asserted, resulted in her sentence being illegal and in contravention to statute. The Defendant asked the trial court to allow her to withdraw her plea.

The State responded that Tennessee Rule of Criminal Procedure 36.1 did not apply to this sentence and that the Defendant had not presented a colorable claim that her sentence was illegal. The State asserted that the Defendant was raising the sufficiency of the evidence supporting her conviction, which was not a proper ground for a Rule 36.1 claim.

On January 28, 2016, the trial court issued an order denying the Defendant's Rule 36.1 motion. The trial court noted that four of the Defendant's five co-defendants had pleaded guilty and that only Mr. Higgins had proceeded to trial, where a jury convicted him. The trial court acknowledged that this Court had found that there was insufficient evidence to sustain Mr. Higgins's conviction and that, based upon this, the Defendant had asserted that there was no legal basis upon which her indictment could stand. The trial court then found:

> Tenn. R. Crim. P. 36.1 permits a party to seek correction of an illegal sentence by filing a motion claiming the sentence is either unauthorized or contravenes applicable statutes at any time. Thus, similar to post-conviction relief, if [a] Petitioner not only makes a colorable claim warranting a hearing, but also succeeds on the merits of his claim, all charges are reinstated – including any that were dismissed as part of the plea negotiations – and the case starts anew with the original charges (not the lesser included offenses to which Petitioner pled). The parties may reach a different settlement agreement complying with all sentencing requirements, the State may dismiss the charges, or, should the State

decline to extend a plea offer or the defendant reject any offers extended, the case would proceed to trial on the original charges set forth in the indictment.

Before this Court may grant [the Defendant] a hearing to determine if there was an illegal sentencing provision that was material to her plea, this Court must determine whether [the Defendant] has met her burden of establishing a colorable claim. If the facts were as [the Defendant] stated in her petitioner she would nevertheless have failed to meet the burden because the sentence is not void. . . .

[The Defendant] fails to assert a claim that her sentence is illegal. [The Defendant] instead asserts that there is no legal basis to her conviction. Without reaching any conclusions on [the Defendant's] assertions, this Court must find that Rule 36.1 does not provide a remedy even if [the Defendant's] assertion[s] were correct. The sentence of eight years of probation for the charge of attempted aggravated child neglect is a legal sentence authorized by [statute].

It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that her sentence is illegal because, based on *Higgins*, the evidence is insufficient to sustain her conviction. The State counters that Rule 36.1 contemplates only the challenging of an illegal sentence, not an underlying conviction. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a

written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014).

A "colorable claim" within the language of Rule 36.1 is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015)).

As stated, an "illegal sentence," as defined by this statute, is one that is "not authorized by the applicable statutes or that directly contravenes the applicable statute." The Defendant does not argue, and we see no basis for concluding, that her sentence is illegal. Her argument is based upon the fact that she would like this Court to revisit whether she had a legal duty to the victim, based upon our conclusion in *Higgins* that her boyfriend did not have a legal duty to the victim. The Defendant chose to enter a plea of guilty, and Rule 36.1 does not provide her an avenue for withdrawing that guilty plea. This is not a proper ground for a Rule 36.1 claim, and she is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

7